*J. W. SCOTT ET AL. v. ADAM EMSWILER.

1. **Joinder of Action on Note with Action on Bond Securing Payment not Prejudicial to Sureties.**

   The rights of sureties on a bond, executed to secure payment of a promissory note, are not prejudiced by uniting an action on the bond with the action for recovery on the note.

2. **Rejecting Evidence of Violation of Terms of Bond Given to Secure Note Erroneous.**

   In view of the express stipulation of a bond securing payment on a promissory note that the proceeds of the loan were to be used by the defendant in his business, one-half of the profits derived therefrom to be retained by the defendant as his compensation, and the denial of the answer that this agreement was carried out, refusal to permit the introduction of testimony as to the alleged violation of the terms of the bond is erroneous.

*Motion to certify overruled by the Supreme Court, November 28, 1916, Emswiler v. Scott, 61 Bull. 389.

ERROR.

*S. L. James,* for plaintiff in error.
*Flory & Flory,* for defendant in error.

## SHIELDS, J.

This cause is in this court by petition in error seeking to reverse the judgment of the court of common pleas upon numerous grounds of error alleged therein.

The amended petition of the plaintiff in the court below is founded upon a promissory note executed and delivered by the said J. W. Scott, one of the defendants, to the plaintiff on May 11, 1908, payable on demand, for $300, with interest, containing a power of attorney to confess judgment, on which various payments of interest are endorsed. Said petition further alleges:

"That before and at the time said note was given, said J. W. Scott was engaged in the business of loaning money at interest in the city of Newark, Licking county, Ohio. In order to secure the amount due upon, and evidenced by, said note, the said J. W. Scott, as principal, and the defendants, C. D. O'Hara and Phil. B. Smythe, both of Newark, Ohio, as sureties, executed and delivered to this plaintiff their bond or written obligation by which they were held and firmly bound unto the said plaintiff in the sum of $300, for the payment of which they bound themselves. The condition of said bond was, in substance: Whereas the said Adam Emswiler has deposited with the said J. W. Scott the sum of $300, in money, in trust, for the purposes of investing the same, *i. e.,* loaning the same in connection with the conduct of the business now managed by the said J. W. Scott, located at 29½ South Third street in the city of Newark, Ohio, it being agreed between the said parties that the said J. W. Scott shall loan said $300 for the said Adam Emswiler, and to pay to said Adam Emswiler one-half of the profits derived from said $300, the other half of said profits to be retained by said Scott as and for his compensation, the said profits to be determined upon the basis that said $300 bears to the total amount of capital invested in said business. The said $300 is to be returned to said Emswiler upon demand. or as soon thereafter as the same can be collected from said business at the option of said Scott.

"Now if the said Scott shall faithfully perform all the conditions by him to be performed as aforesaid, then this obligation to be void, otherwise to be and remain in full force and effect."

To this amended petition a joint amended answer of the defendants, C. D. O'Hara and Phil. B. Smythe, is filed, in which they say:

"They deny that in order to secure the amount due upon, and evidenced by, the note set up in plaintiff's petition, as sureties for the said Scott, executed and delivered to plaintiff their bond or written obligation by which they were held and firmly bound unto plaintiff in the sum of $300 or any other sum, for the payment of which said defendants bound themselves.

"They deny that they are indebted to plaintiff upon or by reason of said bond, or otherwise, in the sum of $300, or any other sum.

"Further answering these defendants say that plaintiff and said Scott were partners in the business of loaning said money, and in the business mentioned in said petition. These defendants say that said plaintiff has never made demand upon said Scott for the payment of said sum of money, or any part thereof, according to the terms of said written obligation, or bond, and they deny that said Scott has ever made default in any of the terms or conditions of the same.

"Said defendants deny each and every allegation of said petition."

A separate amended answer to said amended petition is also filed by the defendant, J. W. Scott, in which, after admitting the execution of said note and bond, he avers that no demand was ever made upon him by the plaintiff as contemplated by the express terms of said bond; that he has paid under said option upon said $300 all the moneys collected by him from said business of loaning money and which is the sum total owing by him to plaintiff under the terms of said bond, and he denies all the allegations of the plaintiff's amended petition, except what is expressly admitted in said amended answer.

Separate replies to the joint amended answer of C. D O'Hara and Phil. B. Smythe and to the separate amended answer of the said J. W. Scott are filed by the plaintiff, denying all mat-

Scott v. Emswiler.

ters stated therein inconsistent with the allegations of said amended petition.

The case was submitted to a jury, resulting in a verdict for the plaintiff. A motion for a new trial being overruled, judgment was entered upon said verdict and, as stated, error proceedings are prosecuted to this court for a reversal of said judgment.

The history of this case leading up to the execution of the note and bond mentioned in the pleadings fully appears in the evidence contained in the bill of exceptions, which we have read with some degree of care with reference to the claims of the respective parties as made in their respective pleadings.

Considering the manifest object in the execution and delivery of said bond by the plaintiffs in error to the defendant in error and the subsequent execution of said note by said Scott, one of the plaintiffs in error, to the defendant in error, and uniting both in one and the same cause of action, has been the subject of no little discussion by the court, but under the rule that the rights of the sureties on said bond were not prejudiced thereby, we hold that the action of the court below in overruling the motion and demurrer interposed to the amended petition was not erroneous.

It is averred in said amended petition that while said Scott was to invest or loan said $300 in his business and account to the defendant in error for one-half of the profits derived therefrom, the other half to be retained by said Scott as his compensation, he did not invest or loan the same or any part thereof in his business, according to the conditions of said bond. This averment in said amended petition is met by a denial in both the joint amended answer of the defendants, C. D. O'Hara and Phil. B. Smythe, and in the separate amended answer of said J. W. Scott.

On pages 53 and 54 of the record we find that when the said Scott was testifying as a witness for the defense he was interrogated and answered as follows:

"Q. What did you do with that money? A. I put it in the safe.

"Q. What did you do with it after that? A. It was too

late to go to the bank.    It was after three o'clock, and the next
morning I deposited it in the Licking County Bank.

"Q.   Then what was done with it, if anything?

"Objected to as immaterial.

"The Court:  I do not think it is material.

"By Mr. James:   Exceptions, and we offer to show that
he invested it in the business.

"The court refused to permit the defendant to so prove, to
which refusal of the court counsel for defendant at the time
excepted."

As indicated, an exception was saved to the action of the
court in excluding the evidence offered and such action of the
court is assigned as error.

It appears that the object in placing this money with said
Scott was that he should employ it in his business, and that by
the terms of said bond it is expressly stipulated that he should
loan it in connection with his said business, and in said amended
petition it is averred that he failed and refused to comply with
said agreement and violated the terms of said bond in this re-
spect.   As a party to said action wherein a recovery is sought
against him and others, any violation of the terms of the instru-
ment sued upon, we think was proper to have been shown, and
he should have been given an opportunity of not only meeting
said charge by a denial of the same, if true, but by stating all
the facts and circumstances relating thereto, especially as bear-
ing upon the option to be exercised by the said Scott under the
terms of said bond.   Under the charge made in said amended
petition and the denial of the same in said answers, we think
that the evidence offered was clearly competent, and that the
action of the court below in excluding the same was erroneous
and prejudicially so, because said evidence so offered and re-
jected was vitally related to the subject-matter affecting the
legal rights of each of the defendants in said suit.   As stated,
the underlying agreement in the bond was that the money was
to be employed in the business of the defendant in error, and
that the latter was to share in the profits therefrom, and to be
deprived of showing that it was so employed would be to deny
to the defendants the benefits of the defense made.   In exclud-

Scott v. Emswiler.

ing the evidence offered we think the court below erred to the prejudice of the plaintiffs in error and such error affords sufficient ground for the reversal of said judgment.

It was also argued that the court below erred in its instructions to the jury. As already shown said bond provides that "the said $300 is to be returned to said Emswiler upon demand, or as soon thereafter as the same can be collected from said business at the option of said Scott." As we interpret this clause of said bond, it is to the effect that said Scott was to return said sum of money to defendant in error upon demand, or as soon thereafter as the same could be collected from said loaning business, as the said Scott might elect. The meaning of the bond is ascertainable from a history of the case. It is aided by a consideration of the object for which and the circumstances under which it was given. Evidently it was given to protect the defendant in error against the loss of his money, assuming that it was a loan, and it is equally evident that said sum of money was to be loaned out, hence it is not unnatural for the bond to recite and provide that said money shall be payable on demand, or if loaned out and not subject to such demand, that he may take steps to collect it, and these methods of payment were at the option of said Scott. True, the sureties on this bond obligated themselves to pay the sum named therein, but their obligation is to be determined by the conditions expressed therein. Their liability rests upon the letter of the bond. They make no absolute promise, or give any guarantee of the repayment of this sum of money to the defendant in error, unless said Scott makes default in the particulars named therein. In instructing the jury upon this branch of the case and referring to what the court below instructed them was a reasonable time after demand made to return this money to the defendant in error, the plaintiffs in error claim that such instruction was misleading and, therefore, erroneous. They claim that no such demand was made for this money as is contemplated by the provisions of said bond, but that if a demand was made, they further claim that said instructions to the jury were not warranted because, under the terms of said bond, the said Scott had the option to collect said money if loaned out, and that there is nothing affirmatively appearing in the record that he did not

Licking County Appeals.

exercise such option. While we think the jury should have been more fully instructed upon this feature of the bond, we are not prepared to say that we deem this instruction sufficient ground for the reversal of this judgment, standing alone.

We have examined the other assignments of error in said petition in error and find no prejudicial error therein, but for the error in excluding certain evidence hereinbefore referred to the judgment of the court of common pleas will be reversed and said cause will be remanded to said court for a new trial.

Powell and Houck, JJ., concur.

---

## CORPORATIONS—EQUITY.

[Richland (5th) Court of Appeals, January Term, 1916.]

Houck, Pollock and Spence, JJ.

(Judges Pollock and Spence of the 8th Appeals sitting in place of Judges Shields and Powell.)

\*Joseph E. Smitt v. Aultman & Taylor Co. and Aultman & Taylor Mach. Co.

1. **Relation of Employe to Employing Corporation in Which He Has Purchased Stock.**

   A fiduciary relation is created where an employe, having great confidence in the integrity and ability of the officers of a corporation for whom he has been employed for many years, purchases stock from the corporation at the solicitation of such officers in a new corporation organized by such officers for the purpose of purchasing the property of the old corporation and continuing its business under the same corporate control, and gives his note, secured by such stock, in which it is recited that the dividends of the new company shall be applied to its payment; if the confidence so reposed is abused the company would be liable, however no liability would arise for losses growing out of changes in business conditions or from mistakes in judgment on the part of those in control.

2. **Equity, without Fraud Shown, Cannot Order Corporation Dividends.**

   A court of equity is without power, in the absence of fraud or abuse of discretion, to require a board of directors to declare dividends, and it follows that no authority exists for declaring paid a note given by an employe for stock, which note was to have been satisfied by application of dividends on the stock but was not so paid because of failure to declare dividends.

---

\*Affirmed, no op., **Smith v. Aultman & Taylor Co.**, 94 O. S. 000; 61 Bull. Supp. 406.